HOOFMAN *v.* MANOR.

4-7198                                                     176 S. W. 2d 911

Opinion delivered January 17, 1944.

*Gordon Armitage,* for appellant.

*W. D. Davenport,* for appellee.

McHANEY, J.    Appellant Hoofman was the owner of certain lands in White county and, on January 3, 1939,

conveyed by warranty deed a portion thereof (240 acres) to appellee, W. M. Manor, for a cash consideration of $650 and the assumption and agreement to pay by Manor of 721/1,000 of two loans previously secured by Hoofman from the Federal Land Bank and the Land Bank Commissioner, leaving 279/1,000 for Hoofman to pay, as the payments fell due. Said deed contained this clause: "It has been agreed by written contract that the said W. M. Manor is to pay 721/1,000 of all payments coming due on the two above set out mortgages and the grantor herein is to pay 279/1,000 of the said payments and the said contract further provides that in case either of the parties herein permits foreclosure proceedings to be filed by the Federal Land Bank or the Land Bank Commissioner, that the other party may assume and pay all of the indebtedness to the Federal Land Bank and to the Land Bank Commissioner and become the owner of all the lands covered by the two mortgages. That under the above terms the said S. F. Hoofman does hereby grant, bargain, sell and convey unto the said W. M. Manor and unto his heirs and his assigns forever, the following described lands lying in the county of White and State of Arkansas, to-wit:"

Manor defaulted in paying his part of the two mortgages, as did also Hoofman, and on January 2, 1942, suit was filed to foreclose both mortgages, and four days later Hoofman filed suit against Manor and others, (judgment creditors) alleging his willingness to make good the default on the mortgages if Manor's interest in the lands be restored to him and prayed a cancellation of his conveyance to Manor and that Manor's title be vested in him. Manor was a nonresident at that time and constructive service was had on him. On February 9, 1942, a decree was entered in accordance with the prayer of said complaint. On February 10, 1942, Hoofman conveyed the same lands to appellant Sutterfield by special warranty deed, and on the 21st, Manor returned to White county and filed a motion for a new trial. W. W. Manor and N. A. Manor filed interventions claiming to own the strawberry crop on said lands and Mrs. Manor inter-

vened, claiming a homestead interest in said lands. Sutterfield intervened. After many motions, petitions, orders and other pleadings, the court, on February 8, 1943, entered a decree, holding that Manor was entitled to a new trial as he had a meritorious defense to the action; that the cancellation decree should be set aside because Hoofman did not file a bond prior to the decree as provided by law; that Mrs. Manor should be permitted to redeem said lands as her homestead, she not being made a party by Hoofman. A decree was entered accordingly.

The first argument for reversal is that the language of the deed from Hoofman to Manor constituted a condition precedent and not subsequent, that is, Manor was bound to pay his part of the amount due on the mortgages and, if he failed to the extent foreclosure was sought, he forfeited to Hoofman his interest in the land. If this be the fact, it applies to Hoofman the same as it does to Manor. The condition is "that the other party may assume and pay all of the indebtedness" on the mortgages and become the owner. There is no contention that Hoofman assumed and paid the delinquencies prior to his suit against Manor or prior to the decree of cancellation or prior to his sale to Sutterfield. We are of the opinion that the court correctly set aside the cancellation decree and granted Manor a new trial because of the language in the condition in the deed above quoted.

As above stated, Manor was a nonresident at the time and only constructive service was had. Mrs. Manor was not made a party. No bond was filed as required by § 8217 of Pope's Digest. Appellants contend that this statute does not apply because of the proviso at the end of the second paragraph of said section which provides that it "shall not apply to chancery suits—or other liens expressed in writing between the parties." This is not a suit on a lien as contended by appellant. Had Hoofman paid the part of the mortgage debt owed by Manor, he might be subrogated to the rights of the mortgagee to foreclose the lien. But this is not a suit to foreclose, but

one to declare a forfeiture and to divest title by cancella-tion of his deed.

It is finally said that Mrs. Manor had no right to intervene and redeem the lands to protect her home-stead interest. It is difficult to perceive the relevancy of this argument. The decree canceled Hoofman's con-veyance to Sutterfield and quieted the title in Manor and his wife, granting a writ of assistance to regain posses-sion from Sutterfield and his tenants. What difference can it make to appellants whether Mrs. Manor has a homestead interest? If she paid the delinquent indebted-ness on the mortgages, and we assume she did, she has some equitable interest therein.

The decree is correct and is accordingly affirmed.